UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL RUIZ-BRAVO,<br><br>Defendant. | No.  2:05-CR-00346-MCE<br><br><br><br>**ORDER** |

Defendant Miguel Angel Ruiz-Bravo ("Defendant") was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and was sentenced on October 27, 2010, to 280 months of imprisonment.  Presently before the Court is Defendant's Motion to Reduce Sentence.  ECF No. 38.  The Office of the Federal Defender filed a notice indicating that it would not supplement Defendant's motion, and the Government opposes his request.  ECF Nos. 40, 42.  For the following reasons, that Motion is DENIED.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782.  Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although Amendment 782 became effective November 1, 2014, it applies retroactively.  See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[1] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction in his sentence because Amendment 782 "[did] not have the effect of lowering [his] applicable guideline range." Id. Defendant's original base offense level was 38 based on the amount of drugs (7.2 kilograms of actual methamphetamine) for which he was found responsible. Four levels were added for Defendant's leadership role in the conspiracy, and he was credited three levels for acceptance of responsibility, resulting in a total offense level of 39. Coupled with a criminal history category II, Defendant's guideline range was 292-365 months, and the Court imposed a below-guidelines 280-month sentence.

///

---

[1] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

None of this changed under the amended guidelines because the above drug quantity still corresponds to a base offense level 38 and the additional calculations remain the same.  Accordingly, Defendant's total offense level and resulting guideline range did not change.  Because the amendment did not lower Defendant's Offense Level or sentencing range, his Motion (ECF No. 38) is DENIED.  See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

IT IS SO ORDERED.

Dated:  January 4, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE